UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONNA SOLOMON,<br><br>     Plaintiff,<br><br>v.<br><br>SOLOTECH U.S. CORP.,<br><br>     Defendant. | Case No. 2:25-cv-00552-NJK<br><br>**Order**<br><br>[Docket No. 32] |

Pending before the Court is a stipulation to extend case management deadlines. Docket No. 32.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). When diligence has not been shown in support of an extension request, "the inquiry should end." *Johnson*, 975 F.2d at 609.

In the instant stipulation, the parties seek to extend case management deadlines by ninety days. Docket No. 32. The justification provided for this lengthy request is that "[c]ounsel for Defendant has undergone a recent change and this attorney substitution requires additional time for Defendant's new counsel to familiarize themselves with this case and conduct discovery." Docket No. 32 at 3. Local Rule IA 11-6(c) states:

1

> Except where accompanied by a request for relief under subsection (e) of this rule, the attorney's signature on a stipulation to substitute the attorney into a case constitutes an express acceptance of all dates then set for pretrial proceedings, trial, or hearings, by the discovery plan or any court order.

Additionally, Local Rule IA 11-6(d) states that, "[d]ischarge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case." On August 29, 2025, the parties filed a stipulation to substitute counsel for Defendant, pursuant to LR IA 11-6(c). Docket No. 29. In that stipulation, Defendant submitted that, "[t]his stipulated substitution of counsel will not result in delay of discovery, trial, or any hearing in this case. *Id.* at 2. Just eight days after the Court granted the stipulation to substitute counsel, Docket No. 31, the instant stipulation requests a ninety-day extension of the case management deadlines. Docket No. 32. However, the parties' assertion that additional time is needed "for Defendant's new counsel to familiarize themselves with this case and conduct discovery" does not establish good cause for the extension sought. *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1179 (D. Nev. 2022) (citing LR IA 11-6(d)). Further, the parties have conducted virtually no affirmative discovery; therefore, the Court cannot find diligence.

Accordingly, the Court **DENIES** the parties' stipulation without prejudice. Docket No. 32.

IT IS SO ORDERED.

Dated: September 11, 2025

_____
Nancy J. Koppe
United States Magistrate Judge